THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ISRAEL J. MERRITT and Others, Defendants.

Supreme Court, Queens Special Term, July, 1922.

**Letters patent — lands under water — failure to improve — revocation.**

Letters patent " to erect on the lands under water herein granted a bulkhead, crib or sea wall and a dock of substantial character " provided that all such improvements should be completed within five years from the date of the patent, otherwise it was to become null and void. *Held,* upon clear proof in an action to set aside the letters patent, that nothing had been been done to improve the grant, the plaintiff was entitled to judgment.

SUIT to set aside letters patent.

*Charles D. Newton,* attorney-general (*George S. Parsons,* of counsel), for plaintiff.

*Clinton T. Roe,* for defendants.

LEWIS, J. The plaintiff seeks to set aside letters patent issued on July 29, 1901. The letters patent were granted for the express purpose " to erect on the lands under water herein granted a bulkhead, crib or sea wall and a dock of substantial character; " all of which improvements, according to the patent, were to have been completed within five years from the date thereof, otherwise the patent was to become null and void.

There is no dispute as to the facts, which showed that at the shore end of the grant a small area has been filled in and protected by a masonry wall and is partially occupied by a small private bathhouse. This improvement averages less than forty-five feet of the total length of the grant, about six hundred feet, or about seven and three-tenths per cent of the area. Along the west edge of the grant a sort of a wall, composed of cobbles and stones, inclosing an eight-inch cast-iron sewer, extends out about eighty feet from the westerly wall. No docks, piers, bulkhead or cribs were erected.

The defendants contend that there has been a substantial compliance with the conditions imposed in the grant, but if the court finds there has not been a substantial performance as to the entire terms, that the defendants are entitled to retain that portion of the area which has been improved by them.

The proof clearly demonstrates an absolute failure of performance. There has not even been a partial performance of the conditions imposed. Nothing has been done to improve the grant.

Judgment for the plaintiff.

Judgment accordingly.